EDWARD O'LEARY, RELATOR, v. MORRIS REINER, RESPONDENT.

Decided September 5, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the relator, *George L. Burton.*

For the respondent, *Francis P. J. Coan.*

PER CURIAM.

Edward O'Leary, the relator in this case, was appointed a patrolman in the police department of South Amboy in 1921. In September of the year 1928 he was tried by the common council upon certain charges lodged against him and was found guilty. As a result of this finding he was removed from his position as patrolman, and thereafter, Morris Reiner, the present respondent, was appointed as his successor. On October 5th, 1929, more than a year after his removal, O'Leary sued out a writ of *certiorari* to review the proceedings under which he had been ousted. The hearing on this writ came on in due course and it was decided in favor of the municipality, the court considering that although in its opinion the common council was without legal power to remove a policeman, that power being vested by the statute in the mayor of the municipality and not in the common council, nevertheless, the failure of O'Leary to sue

out the writ until more than a year after his dismissal, was such gross laches as to disentitle him to any relief. This decision was handed down on the 1st of July, 1930, and thereafter, and on July 21st of that year, the present proceeding was instituted. In our opinion the reason which led this court to dismiss the *certiorari* is equally applicable to the present proceeding. Although it may be conceded that lapse of time will not bar the state through its attorney-general from successfully prosecuting a *quo warranto* proceeding where the rights of the state are involved, this doctrine has no application where the writ is sued out by a private relator. In such a case, unreasonable delay on the part of the relator may properly preclude him from maintaining the proceeding. 51 *Corp. Jur.* 330, and cases there cited.

For the reason indicated the writ of *quo warranto* will be discharged, with costs to the respondent.